1  **MCGUIREWOODS LLP**
   BENJAMIN J. SITTER SBN #273394
2  Tower Two-Sixty
   260 Forbes Avenue, Suite 1800
3  Pittsburgh, PA 15222-3142
   Telephone:  412.667.6000
4  Facsimile:  412.667.7991
5  Email: bsitter@mcguirewoods.com

6  Attorneys for Defendant
7  Santander Consumer USA Inc.

8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10

11 | CRYSTAL GUEVARA,

12 |         Plaintiff,

13 |     vs.

14 | SANTANDER CONSUMER USA INC., an Illinois corporation; and DOES 1 through 10, inclusive,

16 |         Defendants.

**CASE NO.  4:23-cv-00159**

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332 [Diversity Jurisdiction]**

**(Removed from the Superior Court of California, County of Alameda Case No. 22CV023246)**

Complaint Filed: December 6, 2022

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE that Defendant Santander Consumer USA Inc. ("SC"), hereby removes Case No. 22CV023246, filed in the Superior Court of California, County of Alameda, and all claims and causes of action therein, to the United States District Court for the Northern District of California.  As grounds for removal, SC states that this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 based on diversity jurisdiction, and that all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**STATE COURT ACTION AND BACKGROUND**

1. On December 6, 2022, Plaintiff Crystal Guevara ("Plaintiff") commenced this action in the Superior Court of the State of California in the County of Alameda by filing the complaint entitled *Crystal Guevara v. Santander Consumer USA Inc.* as case number 22CV023246 ("the State Court Action").

2. On December 14, 2022, Plaintiff served SC with the Summons and Complaint by process server on CT Corporation at 330 N. Brand Blvd., Suite 700, Glendale, CA 91203. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all documents served on SC from the State Court Action are attached hereto as **Exhibit A**.

3. The Complaint alleges, among other things, claims arising from a notice provided by SC to Plaintiff after the repossession of her vehicle. The prayer for relief seeks damages against SC, including actual damages, statutory damages, punitive damages, injunctive relief, pre-judgment interest, attorney's fees, and costs.

4. SC's time to respond to the Complaint in the State Court Action has not expired. The copy of the Summons and Complaint that SC received is attached hereto as part of Exhibit A.

5. Other than a case management conference which has been set for May 3, 2023, no motions or other proceedings are pending in the State Court Action.

**DIVERSITY OF CITIZENSHIP AND VENUE**

6. This Court has jurisdiction over this case under 28 U.S.C. § 1332 because the citizenship of Plaintiff is entirely diverse from the citizenship of SC, and the amount in controversy exceeds $75,000. As shown below, Plaintiff is a citizen of California and SC is an Illinois corporation with its principal pace of business in Texas.

7. SC is informed and believes that at all relevant times, Plaintiff was and is domiciled in, and is a citizen of, the United States and the State of California. According to the Complaint, "Plaintiff is…a resident of San Francisco County and a citizen of California." Exh. A., ¶ 8. Plaintiff also states she resides in Alameda County. *Id*. ¶ 11. In *Kanter v. Warner-Lambert Co.*, the Ninth Circuit held that a "person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." 265 F.3d 853, 857 (9th Cir. 2001). Here,

Plaintiff identifies herself as a resident of both San Francisco County and Alameda County, California. Exh. A ¶¶ 8, 11. Thus, as alleged in the Complaint, Plaintiff is a citizen of California for diversity purposes.

8. This notice of removal is timely under 28 U.S.C. § 1446(b) because SC's time to respond to the Complaint in the State Court action has not expired based on service on CT Corp. via process server on December 14, 2022.

9. SC is engaged in the business of providing financing to purchasers of automobiles. SC is incorporated in Illinois and its principal place of business is in Texas. Exh. A ¶ 9. Accordingly, SC is a citizen of both Illinois and Texas for diversity purposes and has been at all times relevant, including when the State Court Action was filed and at the time of removal. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

10. Defendants "Does 1-10" are fictitious defendants whose consent is not required for purposes of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).

11. For purposes of removal, complete diversity exists between Plaintiff and SC pursuant to 28 U.S.C. §1332.

12. Venue is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action to the federal district court for the district and division embracing the place where the action is pending. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the State Court Action was filed within this district, and this is the district in which the action arose.

13. A copy of the written notice required by 28 U.S.C. § 1446(d) directed to the Superior Court, County of Santa Clara (without exhibits) is attached hereto as **Exhibit B.** SC will serve and file this notice on Plaintiff after filing this Notice of Removal.

**AMOUNT IN CONTROVERSY**

14. Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer et al.*, *Fed. Civ. Proc. Before Trial*, ¶ 2:450 (2009) (citing *St. Paul*

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction).

15. A defendant may remove a suit to a federal court notwithstanding the failure of the plaintiff to plead above the required amount. In this situation, such as the case at bar, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Evidentiary submissions are only required if plaintiff contests, or the court questions, defendant's allegation after the notice of removal is filed. *Id.* In determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met. *See Abrego v. Dow Chemical Co.,* 443 F.3d 676, 690 (9th Cir. 2006).

16. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wa. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (superseded by statute on other grounds as stated in *United Food & Commer. Workers Union Local 751 v. Brown Grp.*, 5517 U.S. 544, 557 (1996). "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes, et al. v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-13 (N.D. Cal. 2010); *accord Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010) (where complaint seeks to invalidate a loan secured by a deed of trust, amount in controversy is the loan amount).

17. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met. *See Abrego*, 443 F.3d at 690.

18. Although SC denies that Plaintiff is entitled to recover any amount, and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the allegations stated in the Complaint more likely than not place in controversy more than $75,000, exclusive of interests and costs.

19. Plaintiff alleges causes of action for violation of the Rosenthal Fair Debt Collection Practices Act, violation of the California Consumer Credit Reporting Agencies Act, conversion, and violation of the Unfair Competition Law.

20. A plaintiff may recover the following damages under each cause of action:

   a. Rosenthal Fair Debt Collection Practices Act: a plaintiff may recover actual damages, statutory damages, and attorney's fees. Cal. Civ. Code § 1788.30.

   b. California Consumer Credit Reporting Agencies Act ("CCRAA"): For a negligent violation, a plaintiff may recover actual damages, attorney's fees, pain and suffering. Cal. Civ. Code § 1785.31(a)(1). For a willful violation, a plaintiff may recover actual damages and punitive damages of not more than $5,000 per violation. *Id*. § 1785.31(a)(2). A plaintiff may also obtain injunctive relief. *Id*.

   c. Conversion: Plaintiff may recover the "value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; and [a] fair compensation for the time and money properly expended in pursuit of the property." Cal. Civ. Code § 3336.

   d. Unfair Competition Law: Public injunctive relief and attorney's fees. Cal. Bus. & Prof. Code § 17203; Cal. Civ. Code § 1021.5.

21. Plaintiff requests actual damages, statutory damages, and punitive damages, in addition to injunctive relief and attorney's fees. Exh. A, Prayer for Relief.

22. Specifically, Plaintiff seeks $5,000 for each monthly reporting to the consumer reporting agencies after the sale of Plaintiff's vehicle [Exh. A ¶ 31] and a waiver of Plaintiff's deficiency ($12,440.38) [*id*. ¶ 33].

23. A plaintiff may recover up to $5,000 in punitive damages per violation pursuant to the CCRAA. "It is well established that punitive damages are part of the amount in controversy in

a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).

24. Accordingly, if Plaintiff prevails on her CCRAA claim and establishes the existence of a willful violation, she could recover punitive damages of up to $5,000 per violation. Although SC does not believe any violations occurred, Plaintiff may allege a separate violation of the CCRAA each time SC allegedly reported inaccurate information between October 2022 and January 2023, for a total of four violations, allowing up to $20,000 in punitive damages.

25. Plaintiff requested specific relief totaling more than $32,000 ($20,000 in punitive damages under CCRAA and $12,440.38 for waiver of the deficiency balance).

26. Plaintiff seeks actual and statutory damages under the Rosenthal Act and CCRAA. *See* Exh. A.

27. Actual damages for violation of the Rosenthal Act and the CCRAA may include emotional distress damages. *See* Cal. Civ. Code § 1785.31(a).

28. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-1035 (N.D. Cal. 2002). Sums of up to $85,000 have been awarded for emotional distress for inaccurate reported information on credit report, as Plaintiff alleges here. *Nelson v. Equifax*, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007); *Kealy v. Ford Motor Credit Company, LLC*, 2017 WL 5471568 (Cal. Super. Aug. 29, 2017) (jury awarded $25,000 in non-economic damages and $9,213 in punitive damages under CCRAA) (reversed in part regarding economic damages 2019 WL 3072250).

29. Here, a reasonable estimate of Plaintiff's actual damages for the purported violations of the Rosenthal Act and CCRRAA, including emotional distress, if she were to prevail, is $10,000.

30. Plaintiff's conversion claim seeks to recover the value of the vehicle that was repossessed, on the basis that SC allegedly failed to provide her with a proper statutory notice. Exh. A ¶ 36.

31. The value of the vehicle at time of auction was $16,500. *See* **Exhibit C** (Explanation of Deficiency). If Plaintiff were to prevail, a reasonable estimate of damages under the conversion claim is $16,500.

32. The Complaint also demands attorney's fees and costs. Exh. A, Prayer for Relief.

33. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

34. The Ninth Circuit explained that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019).

35. The Ninth Circuit has generally adopted the "lodestar" approach for assessing the award of reasonable attorneys' fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

36. If Plaintiff prevailed, a reasonable estimate of Plaintiff's attorney's fees that could be in controversy is $30,000, should the case proceed through trial.

37. Accordingly, the amount in controversy includes the sums of: (1) $12,440.38 for waiver of Plaintiff's deficiency balance; (2) $20,000 in punitive damages under the CCRAA; (3) $10,000 in actual damages under the Rosenthal Act and CCRAA; (3) $16,500 in damages under the conversion claim; and (5) $30,000 in attorney's fees, for a total of $88,940.38.

38. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001). Here, if Plaintiff's allegations are accurate, she could recover punitive damages. Even a punitive damages multiple of 1:1 would further exceed the amount in controversy requirements as she has specifically requested at least $32,000 in damages.

39. Finally, Plaintiff seeks public injunctive relief enjoining SC from collecting deficiency balances, which amounts to a waiver of all account balances, from all California customers who received an allegedly defective statutory notice from SC. Exh. A ¶ 46(c).

40. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017).

41. While the total value of the requested injunctive relief is unclear, the existence of the relief requested evidences that the amount in controversy exceeds $75,000.

42. Although SC denies that Plaintiff is entitled to recover any amount, the allegations in Plaintiff's Complaint place in controversy more than $75,000.00, exclusive of interest and costs.

43. Accordingly, the jurisdictional amount needed to establish diversity has been met and this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

WHEREFORE, SC prays that the above action now pending in the Superior Court of the State of California, County of Alameda be removed to this Court.

January 12, 2023                    MCGUIREWOODS LLP


                                    By: */s/ Benjamin J. Sitter*
                                        Benjamin J. Sitter
                                        Attorneys for Defendant
                                        Santander Consumer USA Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal has been served upon the counsel of record via notice delivered by the Court's ECF System and/or U.S. First Class mail on this 12th day of January 2023:

Brandon A. Block, Esq.
Law Offices of Brandon A. Block
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Email: brandon@bblocklaw.com

*Attorneys for Plaintiff*

                                                    */s/ Benjamin J. Sitter*
                                                    Benjamin J. Sitter