SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
SANTANDER CONSUMER USA, INC., an Illinois corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CRYSTAL GUEVARA

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/06/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, County of Alameda
Rene C. Davidson Courthouse, 1225 Fallon St., Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
22CV023246

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon A. Block, LAW OFFICES OF BRANDON A. BLOCK, APC
9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210, Tel: 424.600.9454

DATE:
*(Fecha)* 12/06/2022   Chad Finke, Executive Officer / Clerk of the Court

Clerk, by
*(Secretario)* _____ X. Bowie _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brandon A. Block (Cal. Bar. No. 215888)<br>LAW OFFICES OF BRANDON A. BLOCK, A PROFESSIONAL CORPORATION<br>9440 Santa Monica Blvd., Ste. 301<br>Beverly Hills, CA 90210<br>TELEPHONE NO.: 424.600.9454    FAX NO.: 424.600.9631<br>ATTORNEY FOR (Name): Plaintiff CRYSTAL GUEVARA | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**12/06/2022 at 05:12:24 PM**<br>By: Xian-xii Bowie,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
GUEVARA v. SANTANDER CONSUMER USA, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited**   ☐ **Limited**<br>(Amount           (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22CV023246 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Four
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 6, 2022

Brandon A. Block
(TYPE OR PRINT NAME)

▶ /s/ Brandon A. Block
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| GUEVARA v. SANTANDER CONSUMER USA, INC. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [X] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

| | | |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp | |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/06/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie | |
| PLAINTIFF:<br>Crystal Guevara | | |
| DEFENDANT:<br>Santander Consumer USA, Inc. | | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV023246 | |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 05/03/2023 | Time: 2:00 PM | Dept.: 22 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Falion Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/06/2022<br>Chad Finke , Execu tive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>Crystal Guevara | |
| DEFENDANT/RESPONDENT:<br>Santander Consumer USA, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV023246 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Brandon Adam Block
Law Offices of Brandon A. Block, A Professional
Corporation
9440 Santa Monica Boulevard
Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/07/2022                    By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone:   424.600.9454
Facsimile:    424.600.9631

Attorneys for Plaintiff
CRYSTAL GUEVARA

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/06/2022 at 05:12:24 PM**
By: Xian-xii Bowie,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CRYSTAL GUEVARA,<br><br>              Plaintiff,<br><br>     vs.<br><br>SANTANDER CONSUMER USA, INC.,<br>an Illinois corporation; and DOES 1<br>through 10, inclusive,<br><br>              Defendants. | Case No. 22CV023246<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, THE CONSUMER CREDIT REPORTING AGENCIES ACT, THE UNFAIR COMPETITION LAW, AND FOR CONVERSION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Crystal Guevara alleges against defendants Santander Consumer USA, Inc. ("Santander") and Does 1 through 10, inclusive, as follows:

### OPERATIVE FACTS

1.     In July 2020, plaintiff purchased a motor vehicle for personal, family or household purposes from a car dealership pursuant to a conditional sale contract, as defined and regulated by the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code §§ 2981, et seq. ("RLA"). The dealership assigned plaintiff's contract to Santander.

2.     In July 2022, Santander repossessed plaintiff's car based on an alleged payment default under the contract. On or about July 20, 2022, Santander mailed a "Notice of Our Plan to Sell Property" (hereinafter, "Statutory Notice") to plaintiff, a copy of which is attached hereto as Exhibit 1.

---

COMPLAINT – 1

3.     Absent strict compliance with the RLA, including issuing a compliant Statutory Notice which includes the precise information and disclosures required by California Civil Code § 2983.2(a), a seller or holder of a conditional sale contract may not collect a deficiency from any person liable under the contract following disposition of a repossessed or surrendered vehicle. See Cal. Civ. Code §§ 2983.2(a) and 2983.8.

4.     When Santander issued the NOI, plaintiff had previously reinstated her contract. The Statutory Notice stated that, as a result, plaintiff "may be required to go through an assessment of [her] willingness and ability to pay pursuant to the terms of the agreement going forward." The supposed "assessment" required for reinstatement violated the RLA because Santander could not make that a condition of reinstatement, regardless of whether she previously reinstated her contract. See Cal. Civ. Code §§ 2983.3(d)(1) and (d)(5). If Santander wouldn't actually have required plaintiff to go through any such "assessment" to reinstate her contract, the Statutory Notice violated Civil Code § 2983.2(a)(2) by failing to accurately disclose all conditions precedent to reinstatement.

5.     During the reinstatement period, plaintiff's car was transferred from Daybreak Metro, the company which repossessed her car, to Adesa, an auction company. The NOI failed to disclose to plaintiff that, if she reinstated once her car was at Adesa, she still would have to wait up to 10 business days to regain possession of her car, to allow time for it to be transferred from Adesa to Daybreak Metro. Plaintiff's agreement to the waiting period was a condition precedent to reinstatement, but the Statutory Notice didn't disclose it, in violation of Civil Code § 2983.2(a)(2). If plaintiff could have picked up her car at Adesa once it was there, the NOI violated Civil Code § 2983.2(a)(4) by failing to disclose the place at which plaintiff's car would have been returned upon redemption or reinstatement.

6.     The NOI violated Civil Code § 2983.2(a)(3) because the form in the NOI for requesting an automatic extension of the reinstatement and redemption periods was not limited to the extension request, and spaces for plaintiff to sign and date it. The form improperly required plaintiff to write in her name, and possibly face rejection if she failed to do so, or do it accurately.

1    7.    As a result of Santander's defective Statutory Notice and violations of the RLA,

2 Santander can't lawfully seek or collect any deficiency balance from plaintiff. See Cal. Civ. Code

3 §§ 2983.2(a) and 2983.8. Nevertheless, after the auction of sale of plaintiff's vehicle, Santander

4 has demanded that plaintiff pay Santander a deficiency balance on her account of at least

5 $12,440.38. Santander also has falsely reported, and continues to falsely report, to credit reporting

6 agencies (collectively, "CRAs") that plaintiff owes an alleged deficiency balance of at least that

7 amount on her account.

8                              **PARTIES**

9    8.    Plaintiff is an individual over the age of 18, a resident of San Francisco County and

10 a citizen of California.

11    9.    Defendant Santander is an Illinois corporation with its principal place of business in

12 Dallas, Texas. Santander is engaged in the business of providing financing to purchasers of motor

13 vehicles under conditional sales contracts and/or servicing such contracts. Santander does regular

14 and continuous business in California.

15    10.    Plaintiff doesn't know the true names, identities, and capacities of Does 1 through

16 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this

17 Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff

18 discovers such information.

19                    **JURISDICTION AND VENUE**

20    11.    The court has jurisdiction over this matter because the amount in controversy

21 exceeds $25,000, and plaintiff seeks injunctive relief.

22    12.    Venue is proper in this Court because plaintiff resides in Alameda County. See Cal.

23 Civ. Code § 2984.4(a).

24 **FIRST CAUSE OF ACTION – VIOLATIONS OF THE ROSENTHAL FAIR DEBT**

25 **COLLECTION PRACTICES ACT**

26                    **(Against All Defendants)**

27    13.    Plaintiff realleges and incorporates herein by reference the allegations of all

28 paragraphs above.

1    14.    The California Legislature enacted the Rosenthal Fair Debt Collection Practices

2  Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and

3  credit industry, finding that "unfair or deceptive debt collection practices undermine the public

4  confidence which is essential to the continued functioning of the banking and credit system and

5  sound extensions of credit to consumers." Id., §§ 1788.1(a)(2) & 1788.1(h).

6    15.    Plaintiff is a "debtor" within the meaning of California Civil Code § 1788.2(h) in

7  that she is a natural person from whom defendants sought to collect a "consumer debt" (i.e.,

8  money, property or their equivalent) alleged to be due and owing.

9    16.    Defendants are "debt collectors" within the meaning of California Civil Code

10  § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves

11  or others, engage in acts and practices in connection with the collection of consumer debt.

12    17.    The purported debt defendants attempted to collect from plaintiff is a "consumer

13  debt" within the meaning of California Civil Code § 1788.2(f). Defendants engaged in acts or

14  practices in connection with the collection of money, property or their equivalent which was

15  alleged to be due and owing to Santander, by reason of a consumer credit transaction entered into

16  with plaintiff.

17    18.    Defendants violated California Civil Code § 1788.10(a) using criminal means to

18  cause harm to the property of plaintiff. Defendants committed a misdemeanor by willfully

19  violating the RLA, as alleged herein. See Cal. Civ. Code § 2983.6.

20    19.    California Civil Code § 1788.17 provides that debt collectors subject to the

21  Rosenthal Act collecting or attempting to collect a consumer debt must comply with the provisions

22  of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the Fair Debt Collection Practices Act, 15 U.S.C.

23  §§ 1692, et seq. ("FDCPA"). Section 1788.17 further provides that debt collectors subject to the

24  Rosenthal Act are subject to the remedies in § 1692k of the FDCPA.

25    20.    Defendants violated 15 U.S.C. § 1692e by using any false, deceptive, or misleading

26  representation or means in connection with the collection of plaintiff's alleged debt. By violating

27  the provisions of § 1692e, defendants violated the Rosenthal Act, at California Civil Code

28  § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

21.     Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the amount and legal status of plaintiff's alleged debt. By violating the provisions of § 1692e(2), defendants violated the Rosenthal Act, at California Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

22.     Defendants violated 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect plaintiff's alleged debt. By violating the provisions of § 1692e(10), defendants violated the Rosenthal Act, at California Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

23.     As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

24.     Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

25.     Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

26.     Plaintiff is entitled to recover her attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION – VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25(a)**

(Against All Defendants)

27.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

28.     Plaintiff is informed and believes that defendants have reported and are continuing to report to the CRAs a deficiency balance on plaintiff's account, since the sale of her repossessed vehicle. Defendants, therefore, have furnished and are continuing to furnish information on a specific transaction or experience to the CRAs when they knew or should have known that such

1  information was incomplete or inaccurate, in violation of Civil Code § 1785.25(a) of the

2  Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCRAA").

3  Defendants knew or should have known that plaintiff owed no deficiency balance on her account,

4  due to defendants' violations of the RLA, as alleged herein.

5        29.     Plaintiff has suffered actual damages as a result of defendants' unlawful acts.

6        30.     Defendants' violations of the CCRAA were negligent, entitling plaintiff to recover

7  actual damages pursuant to Civil Code § 1785.31.

8        31.     Defendants' violations of the CCRAA were willful, entitling plaintiff to recover

9  punitive damages of up to $5,000 for each month of unlawful credit reporting, under Civil Code

10  § 1785.31(a)(1)(B).

11       32.     Plaintiff is entitled to any other relief the court deems proper, including a

12  declaration that she does not owe any deficiency balance on her Santander account, pursuant to

13  Civil Code § 1785.31(a)(2)(C).

14       33.     Plaintiff has been aggrieved by defendants' violations described herein, and seeks

15  injunctive relief pursuant to Civil Code § 1785.31(b) commanding defendants to permanently

16  delete their credit reporting tradeline from plaintiff's credit reports.

17       34.     Plaintiff is entitled to an award of her attorney's fees and costs pursuant to Civil

18  Code § 1785.31(d).

19       WHEREFORE, plaintiff prays for relief as set forth below.

20                    **THIRD CAUSE OF ACTION – CONVERSION**

21                           **(Against All Defendants)**

22       35.     Plaintiff realleges and incorporates herein by reference the allegations of all

23  paragraphs above.

24       36.     After the repossession of plaintiff's vehicle, defendants wrongfully deprived

25  plaintiff of possession of her vehicle by failing to provide her with a compliant Statutory Notice,

26  and by requiring plaintiff to satisfy conditions precedent to reinstatement which could not lawfully

27  be imposed on her under the RLA.

28

1        37.    As a direct and proximate result of defendants' conversion, plaintiff has been

2    damaged in amounts which are subject to proof.

3        38.    Plaintiff is entitled to recover punitive damages from defendants an amount

4    according to proof for defendants' conversion, to punish defendants for the conduct that harmed

5    plaintiff and to discourage similar conduct in the future. Defendants acted with oppression, fraud

6    or malice, within the meaning of California Civil Code § 3294. Defendants' corporate officers,

7    directors, or managing agents are personally guilty of oppression, fraud or malice, had advance

8    knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression,

9    or fraud, employed such employees with conscious disregard for the rights or safety of others,

10   and/or themselves authorized or ratified the wrongful conduct.

11       WHEREFORE, plaintiff prays for relief as set forth below.

12   **FOURTH CAUSE OF ACTION – VIOLATIONS OF THE UNFAIR COMPETITION LAW**

13                               **(Against All Defendants)**

14       39.    Plaintiff realleges and incorporates herein by reference the allegations of all

15   paragraphs above.

16       40.    The Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"),

17   defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.

18       41.    Plaintiff is informed and believes, and based thereon alleges that, within the last

19   four years and continuing today, defendants have engaged in the following general business acts or

20   practices:

21           a.    Issuing Statutory Notices to members of the general public which are

22   defective for the reasons alleged herein;

23           b.    Requiring members of the general public to satisfy conditions precedent to

24   reinstatement which can't lawfully be imposed on them under the RLA;

25           c.    Seeking collection of and/or collecting legally non-existent deficiency

26   balances from members of the general public, on their own and/or through the use of outside

27   collection agents/attorneys; and/or

28

1          d.      Falsely reporting alleged deficiency balances of members of the general

2 public to CRAs as past due debts, even though defendants knew or should have known that

3 collection of any such amounts was and is unlawful.

4       42.     The business acts and practices of defendants as hereinabove alleged constitute

5 unlawful business practices in that, for the reasons alleged above, said acts and practices violate

6 the provisions of the RLA, the Rosenthal Act, the CCRAA and the common law.

7       43.     The business acts and practices of defendants, as hereinabove alleged, constitute

8 unfair business practices in that said acts and practices offend public policy and are substantially

9 injurious to consumers. Said acts and practices have no utility that outweighs their substantial

10 harm to consumers.

11       44.     The business acts and practices of defendants, as hereinabove alleged, constitute

12 fraudulent business practices in that said acts and practices are likely to deceive the public and

13 affected consumers as to their legal rights and obligations, and by use of such deception, may

14 preclude consumers from exercising legal rights to which they are entitled.

15       45.     The unlawful, unfair and fraudulent business acts and practices of defendants

16 described herein present a continuing threat to plaintiff and other members of the general public in

17 that defendants are currently engaging in such acts and practices, and will persist and continue to

18 do so unless and until a public injunction is issued by this Court.

19       46.     Pursuant to Business and Professions Code § 17203, plaintiff seeks a public

20 injunction enjoining defendants from future violations of California law, including by:

21          a.      Issuing defective Statutory Notices to members of the general public, in

22 violation of Civil Code § 2983.2(a);

23          b.      Requiring members of the general public whose vehicles have been

24 repossessed or surrendered after a payment default, and who have previously reinstated their

25 contracts, to do anything other than make the defaulted payments and pay any applicable

26 delinquency charges in order to reinstate their contracts, in violation of Civil Code § 2983.3(d)(1);

27          c.      Collecting or attempting to collect, by themselves and/or through the use of

28 outside collection agents, deficiency balances from members of the general public who have been

1 | issued a defective Statutory Notice, in violation of Civil Code §§ 2983.2(a) and 2983.8, and the

2 | Rosenthal Act; and

3 |         d.     Making any derogatory credit reporting of a deficiency balance on the

4 | accounts of members of the general public who have been issued a defective Statutory Notice

5 | and/or whose vehicles were repossessed or surrendered after a payment default and were required

6 | to do anything other than make the defaulted payments and pay any applicable delinquency

7 | charges in order to reinstate their contracts, in violation of Civil Code § 1785.25(a).

8 |     47.     Plaintiff is entitled to a public injunction as a private attorney general, without any

9 | necessity of class certification.

10 |     48.     Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of her

11 | attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

12 |     WHEREFORE, plaintiff prays for relief as set forth below.

13 | **PRAYER FOR RELIEF**

14 |     WHEREFORE, plaintiff, on behalf of herself and members of the general public, prays for

15 | the following relief:

16 |     1.     Actual damages;

17 |     2.     Statutory damages;

18 |     3.     Punitive damages;

19 |     4.     Injunctive relief;

20 |     5.     Pre-judgment interest to the extent permitted by law;

21 |     6.     An award of plaintiff's attorney's fees, costs and expenses incurred in the

22 | investigation, filing and prosecution of this action; and

23 |     7.     For such other and further relief as the Court may deem just and proper.

24 | ///

25 | ///

26 | ///

27 |

28 |

1  **DEMAND FOR JURY TRIAL**

2     Plaintiff hereby demands a trial by jury under the United States and California

3  Constitutions.

4                                    Respectfully submitted,

5  Dated: December 6, 2022            LAW OFFICES OF BRANDON A. BLOCK
                                      A PROFESSIONAL CORPORATION
6
                                      /s/ Brandon A. Block
7                                     Brandon A. Block

8                                     Attorneys for Plaintiff
                                      CRYSTAL GUEVARA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT – 10

# Exhibit 1

 Santander Consumer USA

Sent Via First Class Mail

Date: 7/20/2022

CRYSTAL GUEVARA

## NOTICE OF OUR PLAN TO SELL PROPERTY

Account Number: ████████1000
Contract Dated ("agreement"): 7/8/2020
Description of Collateral ("vehicle"):

| Year: 2015 | Make: DODGE | Model: CHARGER | VIN: 2C3CDXCT6FH915380 |
|------------|-------------|----------------|-----------------------|

**NOTICE: TO THE EXTENT YOUR ORIGINAL OBLIGATION WAS DISCHARGED, OR IS SUBJECT TO AN AUTOMATIC STAY OF BANKRUPTCY UNDER TITLE 11 OF THE UNITED STATES CODE, THIS IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT OR TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

Dear Crystal Guevara:

This is formal notice that we have your vehicle because you broke promises in our agreement.

We intend to dispose of the vehicle at a private sale sometime after 8/13/2022. This date is at least twenty (20) days from the date of mailing this notice. A sale could include a lease or license. You can extend this period for an additional ten (10) days by returning the "Request for Extension" form at the end of this notice to us by the date noted on the form.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, please call us at (888) 222-4227.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at Santander Consumer USA, Inc., P. O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation. We will charge you $0.00 for the explanation if we sent you another written explanation of the amount you owe us within the last six (6) months.

**SEE IMPORTANT CONSUMER NOTICES AT END OF LETTER**

P.O. Box 961245, Fort Worth, TX 76161-1245 · www.SantanderConsumerUSA.com · 888.222.4227.

©2022 Santander Consumer USA Inc. All rights reserved.   SC-NOI: 402/432_40806_061322.
Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the United States or other countries. All other trademarks are the property of their respective owners.
Page 1 of 205                                                                              (Rev. 061322)

**Santander** Consumer USA

If you need more information about the sale, you may call us at (888) 222-4227 or write us at Santander Consumer USA, Inc., P. O. Box 961245, Fort Worth, TX 76161-1245.

We are sending this notice to the following other people who have an interest in the vehicle or who owe money under your agreement:

## RIGHT TO REINSTATE

You have a conditional right to reinstate the agreement, which means you can continue with the agreement as though you had never defaulted. Your right to reinstate the agreement is limited to once in any 12-month period and twice during the term of the agreement. If you have previously exercised your right to reinstate, you may be required to go through an assessment of your willingness and ability to pay pursuant to the terms of the agreement going forward. In order to reinstate the agreement, under any circumstance, you must pay the Total Reinstatement Amount below by 8/13/2022. This date is at least twenty (20) days from the date of mailing this notice. You can extend this reinstatement period for an additional ten (10) days by returning the "Request for Extension" form at the end of this notice by the date noted on the form. If you request an extension of time, we will extend the time without further notice to you. Your payment must be made to Santander Consumer USA, Inc., P.O. Box 660633, Dallas, TX 75266-0633.

| | |
|---|---|
| Total Payments Due: | $2,892.88 |
| Late Fees: | $209.65 |
| Repossession Expenses: | $415.00 |
| Other Expenses: | $30.00 |
| Total Reinstatement Amount: | $3,547.53 |

In addition, if you do not reinstate prior to the date your Next Monthly Payment is due (see below) and your right to reinstate has not expired, you must also add the amount below to the Total Reinstatement Amount to reinstate the agreement:

| | |
|---|---|
| Payment Due Date: | 8/10/2022 |
| Next Monthly Payment: | $706.75 |

If your Next Monthly Payment is not paid within the grace period stated in your agreement, then you must also add a Late Charge of $35.34 to the Total Reinstatement Amount above to reinstate your agreement.

If any payment previously processed is returned as unpaid by your financial institution before you reinstate your agreement with us, you will also have to pay us the amount of the returned payment and a returned payment fee of $15 to reinstate the agreement.

## RIGHT TO REDEEM

You have the right to redeem the vehicle by paying to us the Total Redemption Amount listed below by 8/13/2022. This date is at least twenty (20) days from the date of mailing this notice. You can extend this redemption period for an additional ten (10) days by returning the "Request for Extension" form at the end of this notice by the date noted on the form. If you request an extension of time, we will extend the time without further notice to you.

| | |
|---|---|
| Contract Balance: | $28,092.00 |
| (Includes accrued interest that continues to accrue at | |
| $13.21 per day) $628.41) | |
| Late Fees: | $209.65 |
| Repossession Expenses: | $415.00 |

P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888.222.4227

©2022 Santander Consumer USA Inc. All rights reserved.   SC-NOI-402/432-40806_061322
Santander, Santander Consumer, and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the United States or other countries. All other trademarks are the property of their respective owners.
Page 2 of 205                                                                      (Rev. 061322)

**Santander** Consumer USA

| | |
|---|---|
| Other Expenses: | $30.00 |
| Subtotal: | $28,746.65 |
| | |
| Less credit for unearned finance charge: | $0.00 |
| Less credit for cancelled insurance premiums: | $0.00 |
| Total Redemption Amount: | $28,746.65 |

The contract balance includes principal and interest accrued through the date of this notice. You must add interest of $13.21 for each day from the date of this notice through the date of redemption. Payment shall be made to Santander Consumer USA, Inc. at P. O. Box 660633, Dallas, TX 75266-0633

## VEHICLE LOCATION

If you reinstate the agreement or redeem the vehicle, the vehicle will be returned to you at the following repossession company:

DAYBREAK METRO INC
7101 SAN LEANDRO ST
OAKLAND, CA 94621
(510) 574-0505

When you pick up your vehicle at the address above, you will be required to pay DayBreak Metro Inc storage fees at a rate of $0.00 per day from the date of repossession. Payment of this fee may be required to be paid in cash; you should confirm this with DayBreak Metro Inc at (510) 574-0505 prior to picking up your vehicle.

## LAW ENFORCEMENT FEE

To reinstate or redeem the vehicle, you must also pay a fee of $15 to the following law enforcement agency to which the repossession was reported. Proof of payment of this fee is required for the release of the vehicle.

ALAMEDA POLICE DEPARTMENT
155 OAK STREET
ALAMEDA, CA 94501
510748-4508

## WRITTEN ACCOUNTING

We will send you a written accounting following sale of the vehicle. If there is a surplus, it will be paid to you within forty-five (45) days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting from us by requesting one in writing within one (1) year of the date of the sale. This request must be personally served on us at Santander Consumer USA, 5201 Rufe Snow Dr., North Richland Hills, TX, 76180, or sent to us via first-class mail, postage prepaid, or certified mail, return receipt requested, to Santander Consumer USA, Inc., P.O. Box 961245, Fort Worth, TX 76161-1245.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

Upon disposition of the vehicle, you will be liable for any deficiency balance plus interest at the contract rate or at the legal rate of interest pursuant to California Civil Code Section 3289 if there is no contract rate of interest from the date of disposition of the vehicle to the date of entry of judgment.

P.O. Box 961245, Fort Worth, TX 76161-1245 · www.SantanderConsumerUSA.com · 888.222.4227

©2022 Santander Consumer USA Inc. All rights reserved.    SC-NOI_402/432_40806_061322
Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the United States or other countries. All other trademarks are the property of their respective owners.
(Rev. 061322)

**Santander** Consumer USA

You are receiving this notice due to the legal requirements of the state where you originally signed the agreement and/or the state where you currently reside.

Sincerely,
Santander Consumer USA

**IMPORTANT CONSUMER NOTICES**

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Notice of Credit Reporting:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

©2022 Santander Consumer USA Inc. All rights reserved.   SC-NOI_402/432_40806_061322
Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the United States or other countries. All other trademarks are the property of their respective owners.
Page 4 of 205                                                                                      (Rev. 061322)


Santander Consumer USA

## REQUEST FOR EXTENSION FORM

**INSTRUCTIONS:**

You must personally serve this Request for Extension Form on us at Santander Consumer USA, 5201 Rufe Snow Dr., North Richland Hills, TX 76180, or send it to us by registered or certified mail, return receipt requested, to Santander Consumer USA, Inc., P.O. Box 961245, Fort Worth, TX 76161-1245.

This Request for Extension Form must be received by us no later than 8/13/2022. If we receive this form by that date, we will extend the time to reinstate the contract, if you have that right, or to redeem the vehicle, for ten (10) days.

To Santander Consumer USA:

Please extend for an additional ten (10) days the redemption period and, if applicable, the reinstatement period.

Your Name Printed: _____

Signature: _____

Date: _____

Account No. ███████████1000

[End of Form]

©2022 Santander Consumer USA Inc. All rights reserved.   SC-NOI_402/432_40806_061322
Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the United States or other countries. All other trademarks are the property of their respective owners.
Page 5 of 205                                                                                (Rev. 061322)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>**12/06/2022**<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: ⟶ Deputy<br>X. Bowie |
| PLAINTIFF(S):<br>Crystal Guevara | |
| DEFENDANT(S):<br>Santander Consumer USA, Inc. | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>22CV023246 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Jeffrey Brand |
| DEPARTMENT: | 22 |
| LOCATION: | Rene C. Davidson Courthouse |
| | Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6938 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept22@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Jeffrey Brand

DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."  The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

X. Bowie, Deputy Clerk



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

   o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

- o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

- o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377 Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our
diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation
sessions involve the youth, victim, and family members work toward a mutually agreeable restitution
agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                         FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation            ☐ Judicial arbitration
   ☐ Private mediation          ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____

Page 1 of 2

| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(e)(4) |
|---|---|---|

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
       (TYPE OR PRINT NAME)                           (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
       (TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(e)(4)



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our
diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____.   An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation              ☐ Judicial arbitration

   ☐ Private mediation            ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____         ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF)

Date:

_____         ▶ _____

Page 1 of 2

| Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) <br> AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, <br> rule 3.221(a)(4) |
|---|---|---|

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)